**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORIO MORALES-MARTINEZ,

Defendant-Appellant.

No. 11-6331
(D.C. No. 5:10-CR-00313-HE-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Defendant Gregorio Morales-Martinez pleaded guilty to two firearm

offenses. Although his plea agreement contained a waiver of his appellate rights,

defendant has filed an appeal challenging his sentence. The government has

moved to enforce defendant's appeal waiver under *United States v. Hahn*,

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1327 (quotation omitted).

Defendant pleaded guilty to two counts, each of which carried a statutory maximum sentence of sixty months. The district court determined that the applicable guideline range was 108 to 120 months. The district court was inclined to have the sentences run consecutively to come within the applicable guideline range, but the government recommended that the sentences be run concurrently due to defendant's substantial assistance in the case. In light of the government's request, the district court decided to grant defendant a downward departure and sentenced defendant to sixty months on each count with the sentences to run concurrently.

Defendant's plea agreement states that he "knowingly and voluntarily waives his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." Mot. to Enforce, Att. 1 at ¶8. The agreement further states that he waives his right to appeal or collaterally challenge the "sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court." *Id*. Although defendant acknowledges the waiver language in his plea agreement, he contends that he "cannot be said to have specifically and knowingly waived the issue when, at the time [he] pled guilty, no one contemplated the possibility that the sentences on the two counts could be run consecutively." Resp. to Mot. to Enforce at 3. According to defendant, "[a]t the time of the plea agreement, it was contemplated that the maximum possible sentence imposed would be 60 months and that any downward departure would begin with that 60 month maximum." *Id.*

In *Hahn*, we rejected the argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence." 359 F.3d at 1326. As we explained: "The law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances-even though the defendant may not know the *specific*

*detailed* consequences of invoking it." *Id*. at 1327 (internal quotation marks omitted). Defendant, therefore, did not need to know exactly how his sentence would be determined–including the possibility that the sentences on the two counts could run consecutively–in order to waive his right to appeal his sentence.

Moreover, it is clear from the plea agreement and the plea colloquy that defendant was on notice that: his sentence had not yet been determined, the district court would make the final determination about his sentence, and once that determination was made, defendant would not be able to challenge any aspect of the sentence (except in limited circumstances not relevant here). *See* Mot. to Enforce, Att. 1 at ¶¶7-8 (Plea Agreement); *id*. Att. 2 at 8-13 (Transcript of Guilty Plea).

The district court imposed a sentence that was below the advisory guideline range and within the applicable statutory maximum. The plea agreement and the plea colloquy demonstrate that the defendant knowingly and voluntarily waived his appellate rights and that the appeal falls within the scope of his appeal waiver. Defendant's complaint that the district court's sentence does not effectuate the intent of the parties does not demonstrate that enforcing the waiver will result in a miscarriage of justice. Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

> ENTERED FOR THE COURT
> PER CURIAM